HARRIS v. DODGE et al.†

(Circuit Court of Appeals, Eighth Circuit. June 16, 1915.)

No. 4253.

BANKRUPTCY ⬤═══303—VOIDABLE TRANSFERS OF PROPERTY.

Evidence *held* to sustain the allegations of a bill by a trustee in bankruptcy that certain corporate stock, which prior to the bankruptcy and when the bankrupt was insolvent was taken over by creditors, who were relatives, and sold and the proceeds applied largely in payment of their own claims, was owned by the bankrupt, and not by his son, as claimed, and to entitle complainant to recover the sums so received by defendants as voidable preferences.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. ⬤═══303.]

⬤═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Rehearing denied September 27, 1915.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit in equity by James A. Harris, trustee in bankruptcy of the estate of J. W. Wallace, against H. E. Dodge, C. C. Palmer, W. G. Gibbons, the First State Bank of Wagoner, Okl., and the Chesnutt-Gibbons Grocer Company. Decree for defendants, and complainant appeals. Reversed.

O. L. Cravens, of Neosho, Mo., for appellant.

A. A. Davidson, of Tulsa, Okl. (N. B. Maxey, of Muskogee, Okl., on the brief), for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This is a suit by the trustee in bankruptcy to recover the value of certain shares of stock of the Wagoner Cotton Oil Company, alleged to have been the property of the bankrupt and to have been disposed of to hinder, delay, and defraud his creditors, or to recover, as voidable preferences, the amounts received from the proceeds. The stock was sold for $21,250, most of which was distributed among creditors of the bankrupt, all but one of whom were his relatives by blood or marriage, or business concerns of which relatives were officers. If the stock belonged to the bankrupt, and not to his son, all the elements of voidable preference clearly existed. The referee reported with some doubt that the stock was not the bankrupt's, the report was confirmed, and the trustee's bill dismissed.

The decision below rests largely upon the testimony of one man, but we think it is inconsistent with so many significant circumstances, either admitted or clearly proved, that it should not prevail. Commencing with the known insolvency of the bankrupt, his free property of considerable value was taken over and administered by relatives largely for their own advantage. Part of it could not be traced. The testimony of some of them who personally managed his affairs was evasive and contradictory, and noticeably adapted to the exigency of the moment. There were many purposeful incomplete disclosures by those who must have been well informed. When the bankruptcy proceedings were commenced, the bankrupt was in the state; but he left shortly afterwards, and refrained from attending the meeting of creditors, from submitting to examination, and from filing schedules. His son, for whom the stock was claimed, was also absent, and did not testify at the trial. The defendants seemed to rely largely upon the difficulties under which the trustee labored in bringing the facts to light. Defendants received payments from the proceeds of the stock as follows: May 13, 1909, C. C. Palmer, $2,374.65; May 5, 1909, Chestnutt-Gibbons Grocer Company, $2,205.30; and May 13, 1909, W. G. Gibbons, $2,574.15. We think the trustee should recover these sums, with interest, from those who received them.

The decree is reversed, and the cause remanded, with direction to enter a decree in conformity with the above.