DODGE et al. v. HARRIS. †

(Circuit Court of Appeals, Eighth Circuit. June 16, 1915.)

No. 4258.

BANKRUPTCY ⊚⇒165—LIENS—PLEDGE WITHIN FOUR-MONTHS PERIOD.

A bank, which, when a bankrupt was insolvent and within four months prior to his bankruptcy, advanced money to be used in redeeming stock owned by the bankrupt from a valid pledge of the same to another bank, and which then, in accordance with the agreement, took the stock as collateral to its own note, *held* entitled to retain payments received on its note, and to enforce its lien for the balance due thereon.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 266; Dec. Dig. ⊚⇒165.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit in equity by James A. Harris, trustee in bankruptcy of Joseph W. Wallace, against H. E. Dodge, W. G. Gibbons, C. C. Palmer, the Wagoner Land & Investment Company, W. I. Wallace, J. A. Daugherty, and the First State Bank of Wagoner, Okl. Decree for complainant, and defendants appeal. Reversed.

A. A. Davidson, of Tulsa, Okl. (N. B. Maxey, S. V. O'Hare, and W. C. Franklin, all of Muskogee, Okl., on the brief), for appellants.

O. L. Cravens, of Neosho, Mo., for appellee.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. The trustee in bankruptcy sued to recover $10,000 par value of capital stock of the Wagoner Land & Investment Company, claimed as belonging to the bankrupt's estate, and also certain sums of money received from sales of the company's property. He prevailed in the trial court, and the defendants appealed.

About a year before the bankruptcy proceedings were begun, the bankrupt, then the owner of the stock, borrowed $7,000 of a national bank on his note and pledged the stock as collateral. The validity of this debt and lien is unquestioned. Within four months of the commencement of the proceedings, and when the bankrupt was insolvent, defendants Dodge, Gibbons, and Palmer, who had taken over the management of his affairs, caused the debt to the national bank to be paid. The wife of the bankrupt raised $2,000 of the amount necessary, and the balance, of $5,000, was borrowed from defendant the First State Bank upon the note of the Wagoner Land & Investment Company, with the stock in controversy as collateral. Dodge, Gibbons, and Palmer were the managing officers of the Land & Investment Company, and Dodge was the president of the First State Bank. All of them knew of the bankrupt's insolvency and the conditions affecting the validity of the transactions attacked by the trustee. At a time uncertain in the evidence the pledged shares of

stock were transferred to Gibbons and Palmer on the records of the Land & Investment Company. There was also a separate transfer to a brother of the bankrupt, but without delivery of the certificates. Some property of the company was sold, and $4,500 of the proceeds, allottable to the stock in controversy, was paid on the $5,000 note to the First State Bank, reducing the principal to $500. By the decree of the trial court the stock was adjudged to the trustee in the right of the bankrupt free of all liens, the note of the Land & Investment Company to the First State Bank was declared invalid, and the trustee was awarded a recovery from the latter of the amount paid from the sales of property and interest.

The evidence was clear that, aside from lien claims, the stock belonged to the bankrupt and passed to the trustee. The pledge to the defendant bank, and the transfers to Gibbons and Palmer and the bankrupt's brother, assuming them to have been valid, were for security, and with no intent to affect the ownership otherwise. To that extent we agree with the trial court. We think, however, that the claim of the bank to retain the amount paid to it upon the note and for the balance due, with interest, and with lien upon the stock, should be sustained. Its money was loaned to discharge the prior valid lien, and was so used. It was agreed it should in turn have the stock as security for repayment, and the stock was accordingly pledged to it. Had this not been done, the stock might have been lost to the bankrupt's estate, or the prior lien would have remained as against the trustee. In no way was the estate of the bankrupt prejudiced, or the creditors hindered, delayed, or defrauded. The bank parted with its money to discharge a valid lien, on assurance it would be likewise secured itself. The use of the name of the Land & Investment Company as the maker of the note was irregular, but we do not regard the circumstance as sufficient to overthrow the equitable position of the bank. We express no opinion upon the validity of the claims of the other parties to liens upon the stock. In view of the result in cause No. 4253, just decided (Harris v. Dodge, 224 Fed. 432, —— C. C. A. ——), the trial court will be left free to reconsider the claims of Gibbons and Palmer, and of any other person who may appear in the cause and assert a right prior to the trustee.

The decree is reversed, and the cause is remanded for further proceedings in harmony with this opinion.